IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MASON FRONIUS, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TROOPER STEMICH, PSP TROOPER; )<br>AND TROOOPER RUKAT, PSP )<br>TROOPER; <br><br>Defendants, | 2:24-CV-01054-MJH |

OPINION

Plaintiff, Mason Fronius, *pro se*, commenced this proceeding by filing a Motion to Proceed In Forma Pauperis (ECF No. 1) and attaching a Complaint (ECF No. 1-1) against Defendants, Trooper Stemich and Trooper Rukat, alleging they violated his civil rights under 42 U.S.C. § 1983 by depriving him of his "right to stand [his] ground and the castle domain" *Id*.

Upon review of Plaintiff's Motion to Proceed In Forma Pauperis and attached Complaint (ECF No. 1), the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, but the Court will, sua sponte, dismiss Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e).

I.  Motion to Proceed In Forma Pauperis

First, the Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis, but the Court will proceed to screen Mr. Fronius's Complaint pursuant to 28 U.S.C. § 1915(e).

II.     Relevant Screening Standard

Federal courts are required to review complaints filed by persons who are proceeding in forma pauperis and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

III.    Relevant Background

Mr. Fronius alleges that, after telling Defendants he was attacked, they charged him with a crime for fighting back. (ECF No. 1-1).  Mr. Fronius avers that said event occurred on April 17, 2022. *Id*.  He filed the within action on July 23, 2024. *Id*.  A state court docket search for Mr. Fonius indicates that, on April 18, 2022, Trooper Stemrich filed a non-traffic citation for a summary offense pursuant to 18 Pa.C.S. § 2709 for Harassment-Subject Other to Physical Contact.[1]  On June 8, 2022, Mr. Fronius was found guilty of said offense.

IV.     Discussion

Mr. Fonius's civil rights claim against Defendants fails on two grounds.

First, under the United States Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), a plaintiff is precluded from bringing a section 1983 action if a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction.  Further, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*.

---

[1] "Because the criminal docket is a matter of public record, the Court may take judicial notice of the docket sheet[s] in the underlying case[s]." *Freeman v. Green*, 2020 WL 673297, at *1 n.4 (E.D. Pa. Feb. 11, 2020).

Here, Mr. Fronius was adjudged guilty of the summary offense for which he claims he was wrongfully charged. In the intervening period, between his guilt determination and his filing of this lawsuit, no further action was taken in state court to appeal, expunge, or invalidate his conviction. Without such action, *Heck* precludes this Court from considering Mr. Fronius's civil rights action. Therefore, Mr. Fronius cannot maintain a Section 1983 civil rights claim under these circumstances.

Second, Mr. Fronius has filed this claim more than two years since he was charged and convicted. Section 1983 civil rights claims, arising from events that occurred in Pennsylvania, are governed by Pennsylvania's two-year statute of limitations for personal injury actions. *Moore v. Walton*, 96 F.4th 616, 622 (3d Cir. 2024). On July 23, 2024, Mr. Fronius filed this case against Defendants, which is more two years since both the subject charge (April 18, 2022) and his conviction (June 8, 2022). Therefore, the statute of limitations for Mr. Fronius's Section 1983 civil rights claims against Defendants has expired.

Accordingly, based upon the foregoing reasons, Mr. Fronius cannot state a claim against Defendants, and his Complaint will be dismissed.

V.     Conclusion

Upon consideration of the foregoing, this Court will grant Mr. Fronius's Motion to Proceed in Forma Pauperis (ECF No. 1). The Clerk will be directed to file the Complaint (ECF No. 1-1). Furthermore, upon review of Mr. Fronius's Complaint, the Court, sua sponte, in accordance with 28 U.S.C. 1915 (e) finds that Mr. Fronius's cannot support a claim against the Defendants. Therefore, Mr. Fronius's Complaint will be dismissed. Because it is clear on the face of Mr. Fronius's allegations that he cannot maintain a claim Defendants, no leave to amend will be granted. A separate order will follow.

DATED this 31st day of July, 2024.

                          BY THE COURT:

                          _____
                          MARILYN J. HORAN
                          United States District Judge