IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| MASON FRONIUS, | ) | |
| | ) | |
| | ) | 2:24-CV-01054-MJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TROOPER STEMICH, PSP TROOPER; | ) | |
| AND TROOOPER RUKAT, PSP TROOPER; | ) | |
| | | |
| Defendants, | | |

OPINION AND ORDER

On August 12, 2024, Plaintiff, Mason Fronius, *pro se*, filed a Motion for Leave to Appeal (ECF No. 5).  Following review of said motion, the Court will treat the motion as a Motion for Reconsideration of its July 31, 2024 Opinion and Order, which had dismissed Mr. Fronius's claim pursuant to 42 U.S.C. § 1983.  (ECF Nos. 2 and 3).   On August 15, 2024, the Court directed Mr. Fronius to file the supporting documents referenced in his motion.   (ECF No. 6). Mr. Fronius subsequently filed said documents.  (ECF No. 7). His Motion is now ripe for consideration.

A motion to reconsider "must rely on at least one of three grounds: 1) intervening change in controlling law, 2) availability of new evidence not previously available, or 3) need to correct a clear error of law or prevent manifest injustice." *Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 313–14 (M.D. Pa. 1994), *aff'd,* 31 F.3d 1175 (3d Cir. 1994). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, has already made. *Williams v. Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). "Motions for reconsideration may not be used 'as a means to argue new facts

or issues that inexcusably were not presented to the court in the matter previously decided.' " *Knipe v. SmithKline Beecham,* 583 F.Supp.2d 553, 586 (E.D. Pa. 2008) (citing *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D. Del. 1990)). Such motions may not be " 'used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.' " *Id.* (citing *Marshak v. Treadwell,* No. 95–3794, 2008 WL 413312 at *7 (D.N.J. Feb. 13, 2008)). With regard to the third ground, litigants are cautioned to " 'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant. ' " *Waye,* 846 F.Supp. at 314 n. 3 (citing *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

The Court had, sua sponte, dismissed Mr. Fronius's case on two grounds. First, that Mr. Fronius's civil rights claims could not survive because he had been convicted of the subject offense, and second, that Mr. Fronius's civil rights claim was time barred.

On reconsideration, Mr. Fronius contends that the charges against him, referenced in his Complaint, were dismissed in April 2024, which is within the two-year statute of limitations of him filing this case. In support, he has provided state court documents indicating that the subject charges were dismissed by *nolle prosequi.* The Court will acknowledge that Mr. Fronius's supplementation of the state court record clarifies the specific charges pleaded in his Complaint. Mr. Fronius's name appears numerous times in the state court docket during the relevant time period, which provided a challenge to the Court in screening his *in forma pauperis* Complaint. The documents produced by Mr. Fronius did not appear on a public docket search. With that

said, the Court has reviewed said documents[1], but still finds that Mr. Fronius's Complaint fails as a matter of law.

In his Complaint, Mr. Fronius alleges that Defendants deprived him of his constitutional rights when they charged him with a crime after he was initially attacked and he fought back. (ECF No. 4). Specifically, Defendants charged Mr. Fonius with 1) Simple Assault-Mutual Consent to Fight and 2) Harassment-Subject Other to Physical Contact. (ECF No. 7 at p. 2). In an Affidavit of Probable Cause, Trooper Stemich asserted that he was dispatched to a residence where a fight was reported. *Id*. at p. 8. According to Trooper Stemich's Affidavit, Mr. Fronius related that his cousin, Amanda Parkikaris, and his cousin's boyfriend, Christopher Fitzpatrick, walked to his home to confront him. *Id*. Mr. Fitzpatrick allegedly initiated the fight with Mr. Fronius, and all three individuals engaged in a mutual fight. *Id*. Mr. Fronius related to Trooper Stemich that they wrestled to the ground and that his nose was bleeding, and his right hand was swollen. *Id*. Trooper Stemich observed dried blood and a swollen right hand on Mr. Fronius. *Id*. Mr. Fitzpatrick reported his finger and shoulder injuries to Trooper Stemich. *Id*. Trooper Stemich informed all three participants that they would be charged with simple assault. *Id*. In his Motion for Leave to Appeal, Mr. Fronius has also filed copies of the "Motion for Leave to Enter a Nol. Pros." and corresponding "Order" which granted it. (ECF No. 7 at p. 10). The Commonwealth's Motion for Leave to Enter a Nol. Pros. stated that the prosecution "will not proceed with the above listed charge against Mason Timothy Fronius due to the victim does not wish to proceed." *Id*. Because the charge was dropped by *nolle prosequi*, Mr. Fronius alleges

---

[1] "Because the criminal docket is a matter of public record, the Court may take judicial notice of the docket sheet[s] in the underlying case[s]." *Freeman v. Green*, 2020 WL 673297, at *1 n.4 (E.D. Pa. Feb. 11, 2020).

that his rights were violated, based upon his "right to stand [his] ground and the castle doctrine." (ECF No. 4 at p. 3).

While Mr. Fronius has not specified his cause of action under Section 1983, the supporting facts sound in potential claims for false arrest, false imprisonment, and/or malicious prosecution. To state a section 1983 claim for false arrest or false imprisonment, the plaintiff must allege: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citation omitted); *see also Noviho v. Lancaster Cnty.*, 683 F. App'x 160, 164 (3d Cir. 2017) ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest." (citation omitted)). To state a Fourth Amendment malicious prosecution claim, a plaintiff must plausibly allege that a government official charged him without probable cause, leading to an unreasonable seizure of his person. *Chiaverini v. City of Napoleon, Ohio*, 144 S. Ct. 1745, 1748 (2024) (citing *Thompson v. Clark*, 596 U. S. 36, 43, and n.2 (2022)). Probable cause is the common element in each of these claims. Therefore, to support a false arrest, false imprisonment, and/or malicious prosecution, a plaintiff must allege facts sufficient to support a reasonable inference that the defendants acted without probable cause.

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995). Here, the subject offenses are 1) Simple Assault-Mutual Consent to Fight and 2) Harassment-Subject Other to Physical Contact. In Pennsylvania, "a person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). "A person commits the crime of

4

harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same." 18 Pa.C.S. § 2709."

"Probable cause is assessed based upon the 'totality-of-the-circumstances' available to the arresting officer." *Pinkney v. Meadville, Pennsylvania*, 648 F. Supp. 3d 615, 634 (W.D. Pa. 2023), *aff'd*, 95 F.4th 743 (3d Cir. 2024) (citing *Harvard*, 973 F.3d at 200 (additional citation omitted). This assessment requires a practical, common-sense evaluation that avoids technicalities and considers the totality of the circumstances from the perspective of a reasonable and prudent person. *See Illinois v. Gates*, 462 U.S. 213, 230–31 (1983).

Although the existence of probable cause in a Section 1983 action is typically a question of fact, "the district court may conclude in the appropriate case…that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *See Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997). Courts have dismissed Section 1983 claims, where the plaintiff admits to the conduct of the offense, and have concluded that a government official would have sufficient probable cause. *See Campeggio v. Upper Pottsgrove Twp.*, CIV.A. 14-1286, 2014 WL 4435396, at *5 (E.D. Pa. Sept. 8, 2014) (dismissing Section 1983 where plaintiff admitted she struck police officer); *Morency v. City of Allentown*, 5:19-CV-5304, 2020 WL 1935640, at *7 (E.D. Pa. Apr. 22, 2020) (dismissing Plaintiffs' Section 1983 claims where account in the Amended Complaint was itself capable of conferring probable cause on a simple assault charge).

Here, Mr. Fronius admits in his Complaint that he "fought back" which is consistent with Trooper Stemich's narrative in his Affidavit of Probable Cause. Both Mr. Fronius' and Trooper Stemich's factual recitations of Mr. Fronius' conduct were sufficient to establish probable cause

5

that Mr. Fronius committed the offense of simple assault and harassment. Mr. Fronius argues that his Complaint asserts he had a "right to stand [his] ground and the castle doctrine (sic)." Such averment indicates that, while Mr. Fronius admits to joining in a mutual fight, he asserts that he fought back in self-defense. Therefore, in short, Mr. Fronius has asserted that Defendants should have not charged him, because of his right of self-defense, notwithstanding that he did not dispute or deny any of the facts that support the elements of the charged offenses.

The Third Circuit has concluded that affirmative defenses "should not factor into an officer's consideration of probable cause because it would require an arresting officer to examine countless factual permutations to determine the "necessity" of specific conduct at a given moment in time." *Holman v. City of York, PA*, 564 F.3d 225, 231 (3d Cir. 2009). Likewise, district courts within the Circuit support that officers are not required to include facts in support of a self-defense argument in their affidavit of probable cause. *See, e.g, Miller v. Snell*, No. 18-5178, 2020 WL 7769793, at *9 (E.D. Pa. Dec. 30, 2020) ("Whether the shooting was in self-defense is certainly an issue, however, it is not necessarily the Magistrate's duty to make an arguable self-defense determination when issuing an arrest warrant."); *Berrios v. City of Phila.*, 96 F. Supp. 3d 523, 532–33 (E.D. Pa. 2015) (explaining that self-defense "would need to be a part of the statutory language in the elements of the crime at issue in order to be considered" in the determination of probable cause); *Gorman v. Bail*, 947 F. Supp. 2d 509, 523 (E.D. Pa. 2013) ("[T]he Court concludes that, as a matter of law, self-defense is not the type of affirmative defense that officers must consider or disclose in affidavits of probable cause."). In reaching its decision in *Gorman*, the district court explained, "the Court notes that claims of self-defense to an assault necessarily admit involvement in a violent altercation. Thus, self-defense is inherently

an issue that must be decided at a criminal trial, not by a police officer or a judge at a hearing to issue an arrest warrant." *Gorman*, 947 F. Supp. 2d at 523.

Therefore, Mr. Fronius's claim, that his acts of self-defense should have obviated any charges against him, is unavailing as a matter of law. The Complaint and Trooper Stemich's Affidavit of Probable Cause firmly establish that there was probable cause to charge Mr. Fronius with simple assault and harassment, where he engaged in a mutual fight. Instead, it is a defense and legal conclusion reserved for judicial consideration in criminal proceedings. Therefore, Trooper Stemich was not obligated to make any determination regarding Mr. Fronius' self-defense claim; and he otherwise established probable cause based upon Mr. Fronius' own admissions. The probable cause determination is further buttressed by the magistrate issuing a summons, based upon Trooper Stemich's Criminal Complaint and Affidavit of Probable Cause, and then holding the charges over for court following a preliminary hearing. (ECF No. 7). The "sole function" of the magistrate presiding at a preliminary hearing is "to determine whether probable cause exists to require an accused to stand trial on the charges contained in the complaint." *Commonwealth v. Ricker*, 642 Pa. 367, 381, 170 A.3d 494, 503 (2017). Further, "[a] magistrate's determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983). Thus, because Mr. Fronius cannot establish a lack of probable cause, he cannot support a Section 1983 claim.

Accordingly, Mr. Fronius's Motion for Reconsideration is denied. Plaintiff shall have thirty (30) days to appeal this order.

DATED this 2nd day of October, 2024.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge